EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ A. RODRÍGUEZ RAMOS, peticionario.

*Número:* CC-2003-14          *Resuelto:* 28 de febrero de 2003

*Pablo Colón Santiago*, abogado de la parte peticionaria; *Ángel M. Rivera Rivera, procurador general auxiliar*, y *Vanessa Lugo Flores, subprocuradora general*, representantes de la parte recurrida.

## RESOLUCIÓN

Examinado el escrito en cumplimiento de la orden del Procurador General, *no ha lugar a la solicitud de "certiorari" y a la moción en auxilio de jurisdicción presentadas en este caso.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rivera Pérez expedirían. El Juez Asociado Señor Rebollo López emitió un voto disidente.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

— O —

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Los magistrados de instancia deben mantener presente que la determinación de conceder o no a un convicto de delito los beneficios de la Ley de Sentencia Suspendida es una sumamente delicada e importante que requiere el ejercicio de un alto grado de sensibilidad judicial. En la misma está en juego nada más y nada menos que la libertad de un ser humano quien, no obstante haber sido convicto de la comisión de un delito, tiene por mandato legislativo —y sujeto al ejercicio de una juiciosa y sana discreción judicial— la oportunidad de re-

generar su vida dentro de la libre comunidad y así convertirse en un ciudadano útil para nuestra sociedad. (Énfasis suprimido.)[1]

En el día de hoy una mayoría de los integrantes del Tribunal *deniega* la expedición del recurso de *certiorari* que presentara José A. Rodríguez Ramos. *No* podemos suscribir dicha denegatoria. Somos del criterio que esta decisión no sólo es errónea, sino, además, injusta. Veamos brevemente por qué.

## I

El Ministerio Público presentó tres pliegos acusatorios contra José A. Rodríguez Ramos en los cuales le imputó haber violado el *Art. 4.04* de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 458c —portar, conducir y transportar un arma de fuego sin licencia—; el *Art. 4.15* de la referida ley, 25 L.P.R.A. sec. 458n —hacer tres disparos con un arma de fuego—, y el Art. 94 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4031, esto es, haber agredido a otra persona. La Sala Superior de Ponce del Tribunal de Primera Instancia, luego de haberse celebrado el juicio por tribunal de derecho, *absolvió* a Rodríguez Ramos del delito de agresión y de la portación del arma de fuego. No obstante, encontró *culpable* a Rodríguez Ramos de la infracción al antes citado Art. 4.15 de la Ley de Armas de Puerto Rico, *supra*.

El tribunal sentenciador, luego de recibir el informe presentencia, condenó a Rodríguez Ramos a cumplir una sentencia fraccionada o mixta, esto es, dispuso que éste cumpliera un año de reclusión carcelaria y dos años en probatoria bajo el régimen de sentencias suspendidas.

Inconforme, Rodríguez Ramos acudió en apelación ante el Tribunal de Circuito de Apelaciones, y le imputó al foro primario la comisión de tres errores.

---

[1] *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 217 (1990).

En lo *pertinente* al presente voto disidente, Rodríguez Ramos sostuvo en el recurso de apelación que:

TERCERO: Erró el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Ponce (Hon. Fernando Montañez Delerme, Juez) al abusar de su discreción y negarse a concederle al acusado-apelante los beneficios de una sentencia suspendida por la totalidad del término de la pena carcelaria que le impuso. *Exhibit* I, pág. 27.

El mismo día en que presentó su escrito de apelación ante el foro apelativo intermedio, Rodríguez Ramos presentó ante el tribunal de instancia una moción en solicitud de fianza en apelación, la cual fue *denegada* por razón de que "el recurso presentado no plantea[ba] una cuestión sustancial ...". Insatisfecho, Rodríguez Ramos acudió ante el Tribunal de Circuito de Apelaciones —mediante una moción en auxilio de jurisdicción de ese foro, presentada dentro del recurso de apelación— en solicitud de que se le fijara fianza en apelación. El tribunal apelativo intermedio *denegó* la solicitud sin expresar fundamento alguno.

Aún insatisfecho, Rodríguez Ramos acudió ante este Tribunal —vía *certiorari*— en revisión de dicha denegatoria.(²) En lo pertinente al presente voto disidente, *resulta importante y necesario señalar que, en sus diferentes escritos y a través de las distintas etapas del procedimiento, Rodríguez Ramos ha señalado y sostenido que el informe presentencia presentado en su caso le es favorable; esto es, que el oficial sociopenal que investigó su caso reco-*

---

(²) En el *certiorari* que se presentara ante este Tribunal, Rodríguez Ramos le imputó al Tribunal de Circuito de Apelaciones haber errado

"... al declarar no ha lugar la moción solicitando auxilio de jurisdicción para la fijación de una fianza en apelación. Ésta [sic] resolución confirmó al Tribunal de Primera Instancia, Sala Superior de Ponce, que denegó la fianza en apelación sobre la base de que el recurso apelativo presentado ante el Ilustrado Tribunal de Circuito de Apelaciones no plantea una cuestión sustancial, como establece la Regla 198 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 198.

"... [al] dejar de exponer los fundamentos por los cuales, a su juicio, la apelación carece de sustancialidad o que la protección de la sociedad impida que el acusado permanezca en el seno de la comunidad." Petición de *certiorari*, pág. 4.

*mienda que se le conceda los beneficios de una sentencia suspendida.*

### III

Somos del criterio que cuando se rinde un *informe* favorable sobre una persona convicta por un delito al que puede aplicar la Ley de Sentencia Suspendida, 34 L.P.R.A. secs. 1026-1029, la denegatoria por el magistrado de los beneficios de una sentencia suspendida *tiene que estar fundamentada, independientemente* de que dicha determinación sea *discrecional.*([3]) *Vázquez v. Caraballo,* 114 D.P.R. 272 (1983). Hemos de recordar que si bien la discreción del magistrado de instancia es amplia, ésta *no es ilimitada ni absoluta. Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 212 (1990). Tampoco puede estar sujeta a arbitrariedad. *Pueblo v. Molina Virola,* 141 D.P.R. 713, 719 esc. 7 (1996). Este Tribunal ha sostenido que el abuso de discreción puede manifestarse de varias maneras, entre ellas, cuando el juez no toma en cuenta e ignora *sin fundamento* un hecho material importante en la decisión que emite. *Pueblo v. Ortega Santiago,* ante, pág. 211.

No cabe duda que un informe presentencia favorable constituye un hecho material importante. Por lo tanto, la actuación del juez sentenciador al descartarlo *sin más,* prima facie, debe ser considerada como arbitraria *a menos que* éste explique o fundamente su posición.([4])

---

([3]) "Discreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. En el ámbito judicial, sin embargo, el mencionado concepto 'no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho'." (Énfasis suprimido.) *Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 211 (1990).

([4]) Es de notar que en *Pueblo v. Ortega Santiago,* ante, le concedimos al magistrado de instancia un término para que explicara las razones o los fundamentos que tuvo al denegarle al convicto los beneficios de una sentencia suspendida. Dicho proceder no sólo permitió que este Tribunal realizara su función revisora, sino que, además, tuvo el efecto de eliminar la sombra de arbitrariedad que rodeaba tal determinación.

---

Lo anteriormente expresado, *a su vez*, causa que un planteamiento de esta naturaleza *pueda ser considerado como una "cuestión sustancial"* para la solicitud de fianza en apelación.

Al *no* existir *explicación* del proceder del juez de instancia, y no fijársele fianza en apelación al peticionario, sin lugar a dudas éste *ya habrá cumplido* los doce meses de cárcel al momento en que los tribunales apelativos resuelvan su planteamiento de abuso de discreción. Esto *no* debe suceder.[5]

En consecuencia, expediríamos el auto de *certiorari* presentado por Rodríguez Ramos y le fijaríamos a éste fianza en apelación. Es por ello que disentimos.

---

[5] Por esta preocupación, en el pasado este Tribunal ha ordenado la fijación de una fianza razonable que permita al acusado permanecer en libertad mientras se dilucida el asunto relativo al abuso de discreción ante una denegatoria del beneficio de sentencia suspendida. Dicho proceder se impone ante hechos como los que hoy nos ocupan. *Pueblo v. Ortega Santiago,* ante, pág. 209.